UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Metropolitan Life Insurance Company,

    Plaintiff,

v.                                                                                             Case No. 07-11091

LaKesha Kent *et al.*,                                        Honorable Sean F. Cox

    Defendants.
_____/

## **OPINION & ORDER**

This Opinion & Order sets forth various rulings in this interpleader action that was filed on March 14, 2007. As set forth below, the Court shall deny Defendant Romello Spencer's motion seeking to set aside a Clerk's Entry of Default issued against her. The Court shall also issue default judgments as to Defendants Romello Spencer and Roosevelt Spencer. Finally, the Court shall order the life insurance proceeds distributed to Defendants LaKesha Kent and Willie Kent, as co-equal beneficiaries.

## **BACKGROUND**

Metropolitan Life Insurance Company ("MetLife") filed this interpleader action on March 14, 2007, after one of its life insurance policy-holders, Roosevelt Spencer ("the Decedent"), died. MetLife's interpleader complaint (Docket Entry No. 1) sought to deposit the life insurance proceeds of $16,410 with the Court so that the following beneficiaries could appear in this action and the Court could determine who is to receive the proceeds under the policy: 1) LaKesha Kent, Decedent's niece; 2) Willie Dean Kent, Decedent's nephew; 3) Romello Spencer, Decedent's

1

daughter; 4) Roosevelt Spencer, Jr., Decedent's son; and 5) Cantrell Funeral Home, Inc., which handled the funeral services.

Proceeding *pro se*, Defendants LaKesha Kent and Willie Kent filed an Answer to the complaint on March 30, 2007, requesting that the Court determine that Defendants LaKesha Kent and Willie Dean Kent "are the coequal beneficiaries of the Plan Benefits at issue in this case" and enter an order awarding them the insurance proceeds. (Docket Entry No. 2).

The docket reflects that the three remaining Defendants were properly served with the complaint by MetLife and that each of those Defendants were required to file answers to the complaint on or before April 12, 2007. (*See* Docket Entries No. 3-5). Nevertheless, the remaining Defendants (Defendants Romello Spencer, Roosevelt Spencer, Jr., and Cantrell Funeral Home, Inc.) each failed to appear in this action or file an answer by that date.

The Court scheduled a Status Conference in this case for November 2, 2007. The only parties that appeared at the November 2, 2007 conference, however, were Counsel for Metlife, LaKesha Kent and Willie Kent. As of that date, LaKesha and Willie Kent were still the only Defendants that had appeared in this action or filed an answer to the complaint asserting an interest in the insurance proceeds.[1] Accordingly, no scheduling order was issued because the only two Defendants that had filed an answer or appearance claimed to be co-equal beneficiaries of the insurance proceeds.

---

[1] At the conference, MetLife's counsel indicated that Defendant Cantrell Funeral Home may have been paid for the decedent's funeral expenses, which was likely why it had not filed an appearance. That fact was later confirmed, and a Notice of Voluntary Dismissal was filed as to Defendant Cantrell Funeral Home. (Docket Entry No. 18).

Following the November 2, 2007 conference, MetLife sought,[2] and obtained, a Clerk's Entry of Default as to Defendant Roosevelt Spencer, Jr. and Defendant Romello Spencer on November 5, 2007.

On December 11, 2007, more than 30 days after the Clerk's Entry of Default was issued and approximately 9 months after service of the interpleader complaint on her, Defendant Romello Spencer, acting through counsel, filed a motion seeking to set aside the default as to her. (Docket Entry No. 12). Defendant Romello Spencer's motion states, in its entirety:

1. The Defendant accepted service for the lawsuit and did not know what that meant.
2. Defendant was having money troubles at the time and could not hire an attorney to advise her regarding the matter, and did not know that she had to answer the suit.
3. The Plaintiffs in this case should have no objection to the removal of the default in this case, because money has not been dispersed in the case yet.
4. Defendant currently lives in Mattapan, Massachusetts a suburb of Boston, and was unaware of how to proceed to answer a case in Michigan.
5. Defendant apologizes to the court for any delay that she has caused, and prays that the court removes the default, so that she can proceed in the matter while being advised by counsel.

(Docket Entry No. 12).

On December 19, 2007, the Court issued a "Notice and Order Regarding Status Conference and Hearing" that states:

You are hereby **ORDERED** to appear before the Honorable Sean F. Cox on **January 16, 2008 at 3:30 P.M.** in Courtroom 257 of the Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, for a status conference and hearing on all pending motions and matters in this action, including but not limited to:

• Defendant Romello Spencer's Motion to Set Aside Default.

---

[2]MetLife's counsel served the requests seeking a Clerk's Entry of Default as to each remaining defendant on Defendants that same day.

- Plaintiff Metropolitan Life Insurance Company's request to deposit insurance proceeds with the Court, be released from liability relating to the distribution of the proceeds, and then be dismissed from this action.

    The Court **ORDERS** that **LaKesha Kent, Willie Dean Kent, Romello Spencer, Roosevelt Spencer, Jr.**, and **a client representative of Cantrell Funeral Home, Inc**., along with their counsel, if any, **APPEAR IN PERSON** at this Status Conference and Hearing. The parties are cautioned that the Court may impose sanctions for failure to appear at this Status Conference and Hearing, including the dismissal of claims, the entry of default judgment, or other appropriate sanctions.
    **IT IS SO ORDERED.**

(Docket Entry No. 17).[3] None of the parties contacted the Court following the issuance of that order to request an adjournment, or any change in the hearing time.

The Court then held the hearing and status conference, as scheduled, on January 16, 2008, at 3:30 p.m. Counsel for MetLife attended the hearing, as did LaKesha Kent and Willie Kent. Notably, none of the remaining Defendants appeared as ordered. In addition, counsel for Romello Spencer failed to appear.

At the January 16, 2008 hearing, the Court granted MetLife's motion to deposit the funds with the Court, be released from liability relating to the distribution of the proceeds, and then be dismissed from this action and an appropriate order was issued to that effect. The Court further advised the parties in attendance that an opinion and order would be issued addressing all outstanding matters in this action.

---

[3]The Court notes that because Spencer's counsel, in violation of the local rules, was not registered for e-filing, a copy of the order was also sent to him via regular mail. (*See* Docket Entry No. 17 at 2).

# ANALYSIS

A. <u>The Court Shall Deny Defendant Romello Spencer's Motion Seeking To Set Aside The Clerk's Entry Of Default.</u>

A district court may set aside an entry of default "[f]or good cause shown." FED. R. CIV. P. 55(c). In ruling upon a motion seeking to set aside a clerk's entry of default, the court should consider whether: 1) the other parties will be prejudiced; 2) the defaulted defendant has articulated a meritorious defense or claim; and 3) the defaulted defendant's culpable conduct led to the default. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).

<u>       Meritorious Defense</u>:

In applying the above standard, the Court first concludes that Defendant Romello Spencer (hereinafter "Spencer") has failed to meet her burden of establishing a meritorious defense.

In determining whether a defendant has a "meritorious defense," likelihood of success is not the measure. *United Coin Meter v. Seaboard Consol. R.R.,* 705 F.2d 839, 845 (6th Cir. 1983). Rather, if any legal defense articulated by the defaulted party "states a good defense at law," then a meritorious defense has been advanced. *Id.* Thus, the test is not whether the defendant will prevail, but rather whether the facts alleged by the defaulted defendant would allow him or her to prevail if true. *In re Part Nursing Ctr., Inc. v. Creditors Comm. of Park Nursing Ctr., Inc*., 766 F.2d 261, 264 (6th Cir. 1985). In the context of an interpleader action such as this, that means that the defendant seeking to set aside the default must allege facts to establish that he or she has at least some potential legal interest to the insurance proceeds at issue. *See e.g., Aisner v. New York Life Ins.*, 41 F.3d 664 (5th Cir. 1994).

Here, Defendant Romello Spencer – who filed her motion while represented by counsel –

has not even attempted to articulate a set of facts under which she would have a potential legal interest to the insurance proceeds at issue. Rather, Defendant Spencer's motion seeking to set aside the default against her simply states:

> 1. The Defendant accepted service for the lawsuit and did not know what that meant.
> 2. Defendant was having money troubles at the time and could not hire an attorney to advise her regarding the matter, and did not know that she had to answer the suit.
> 3. The Plaintiffs in this case should have no objection to the removal of the default in this case, because money has not been dispersed in the case yet.
> 4. Defendant currently lives in Mattapan, Massachusetts a suburb of Boston, and was unaware of how to proceed to answer a case in Michigan.
> 5. Defendant apologizes to the court for any delay that she has caused, and prays that the court removes the default, so that she can proceed in the matter while being advised by counsel.

(Docket Entry No. 12). The motion did not even reference the applicable standard for setting aside the default, much less articulate a meritorious defense. In violation of the Local Rules of the Eastern District of Michigan, the motion was not accompanied by a supporting brief. Moreover, no exhibits were attached in support of the motion, such as a proposed Answer on behalf of Defendant Spencer. Finally, because both Spencer and her attorney failed to appear for the scheduled hearing of her motion, no meritorious defense was orally presented on behalf of Spencer.

While this Court is mindful that the burden on a party seeking to set aside a Clerk's Entry of Default is not a heavy one, Defendant Spencer nevertheless still has the burden of establishing good cause to set aside the default. She has failed to meet that burden here because she made no effort to even articulate a meritorious defense (*i.e.*, in support of her motion she has not alleged or articulated any facts that, if true, would give her a legal interest to the insurance proceeds).

Excusable Neglect / Culpable Conduct:

There is no indication that Spencer intentionally failed to answer the complaint in this action prior to the entry of default. After she filed her facially deficient, five-sentence motion seeking to set aside the default, however, both Spencer and her counsel stopped participating in this case. This Court ordered all parties and their counsel to personally appear on January 16, 2008, for a hearing on Spencer's motion and MetLife's motion to deposit funds and this Court expressly cautioned all parties, including Spencer, that the Court would impose sanctions for failure to appear at that hearing, "including the dismissal of claims, the entry of default judgment, or other appropriate sanctions." (Docket Entry No. 17). In direct violation of that order, both Spencer and her counsel failed to appear. The Court therefore concludes that Spencer's violation of this Court's order also militates in favor of denying her request to set aside the default.

Accordingly, for the reasons above, the Court shall deny Spencer's motion seeking to set aside the Clerk's Entry of Default.

B.  The Court Shall Enter A Default Judgment Against Defendants Romello Spencer And Roosevelt Spencer, Jr.

As stated *supra*, Defendant Roosevelt Spencer, Jr. was served with the complaint in this matter in March, 2007 and his answer was due on or before April 12, 2007. To date, he has not filed an appearance or answer in this action and a Clerk's Entry of Default was issued as to him on November 5, 2007. Roosevelt Spencer, Jr. has not attempted to set aside the Clerk's Entry of Default and he failed to appear at the January 16, 2008 hearing and status conference. The Court believes it is therefore appropriate to enter a default judgment against Roosevelt Spencer, Jr. so

that this case, which has languished for almost a year because of the failure of certain Defendants to respond to the complaint, can move forward.

Romello Spencer also failed to answer the complaint in this action on or before April 12, 2007 and a Clerk's Entry of Default was issued as to her on November 5, 2007. Moreover, for the reasons above, her facially deficient motion seeking to set aside the Clerk's Entry of Default, has been denied. Given that Romello Spencer and her counsel failed to appear as ordered for the January 16, 2008 hearing and status conference after the Court expressly cautioned her in writing that the Court would enter a default if she failed to appear, the Court believes that it is appropriate to enter a default judgment against her at this time. *See e.g., Turner v. Whitehorn*, 205 F.3d 1342 (6tth Cir. 1999).

C.  <u>The Court Shall Enter An Order Awarding The Proceeds To LaKesha Kent And Willie Kent, The Only Parties That Have Asserted An Interest In The Funds In This Action.</u>

MetLife filed this interpleader action so that it could deposit the life insurance proceeds at issue with the Court and the Court could then determine the respective interest to same by the five named Defendants: LaKesha Kent, Willie Kent, Romello Spencer, Roosevelt Spencer, Jr. and Cantrell Funeral Home. As explained above, default judgments shall be issued against Defendants Romello Spencer and Roosevelt Spencer, Jr. In addition, Defendant Cantrell Funeral Home has since been dismissed.

Thus, the only remaining Defendants that could assert an interest in the insurance proceeds are LaKesha Kent and Willie Kent, who assert that they are co-equal beneficiaries to the proceeds. That position is supported by the documents attached to MetLife's interpleader complaint, which reflect that the most recent beneficiary designation by the Decedent designated:

8

1) Juanita Kent, who is now deceased, as the primary beneficiary; and 2) LaKesha Kent and Willie Kent, her children, as co-equal contingent beneficiaries. (*See* Ex. D to MetLife's Complaint.). Accordingly, the Court concludes that the insurance proceeds should be distributed to LaKesha Kent and Willie Kent.

## CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that Defendant Romello Spencer's motion seeking to set aside the Clerk's Entry of Default is **DENIED**.

**IT IS FURTHER ORDERED** that a **DEFAULT JUDGMENT** is hereby issued against Defendants Romello Spencer and Roosevelt Spencer, Jr. for failing to file an answer to the interpleader complaint, and failing to appear on January 16, 2008, as ordered by this Court.

**IT IS FURTHER ORDERED** that the insurance proceeds shall be distributed to Defendants LaKesha Kent and Willie Kent, as co-equal beneficiaries to the life insurance policy at issue in this matter.[4]

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 4, 2008

I hereby certify that on February 4, 2008, a copy of the foregoing document was served upon counsel of record via electronic means. A copy of the foregoing document was served via First Class Mail upon the following non-registered ECF participants: LaKesha Kent, Willie Dean Kent and Richard S. Weiss.

s/Jennifer Hernandez
Case Manager

---

[4] A separate order, directing the Clerk of the Court to distribute the proceeds to LaKesha Kent and Willie Kent shall be issued forthwith.